IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NATASH BOND, ETHEL and
ISSAC BROOKS, d/b/a TOTS,

    Plaintiffs,

v.                                    No. 13-1252

WHIRLPOOL, MAYTAG, a
Michigan Corporation, JANICE PAGE
HOLLINGSWORTH and GARY
HOLLINGSWORTH,

    Defendants.

---

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

This action was brought by *pro se* Plaintiff, Isaac Brooks d/b/a TOTS[1], against Defendants, Whirlpool, Maytag, Janice Hollingsworth, and Gary Hollingsworth in Madison County, Tennessee Circuit Court on July 30, 2013 (Docket Entry ("D.E.") 1-1) and removed to this Court by Defendants on September 10, 2013 (D.E. 1). Plaintiff's complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, negligent supervision, negligent retention, and breach of contract. (D.E. 1-1.) Before the Court is a motion to dismiss by all Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] In his pro se status, Isaac Brooks is attempting to assert claims on behalf of himself and the other named Plaintiffs. However, no other Plaintiff signed the complaint (D.E. 1-1), and a pro se litigant cannot represent anyone but himself. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); Powers v. U.S. Dep't of Labor, No. 08-2755-STA/tmp, 2012 WL 1076301, at *1 (W.D. Tenn. Mar. 29, 2012) ("No pro se plaintiff may sign pleadings on behalf of another plaintiff."). Therefore, Isaac Brooks is the only proper Plaintiff in this lawsuit.

Under this Rule, a litigant may challenge the sufficiency of a complaint and seek its dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint does not require "detailed factual allegations" in order to survive a motion to dismiss, but must go beyond mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Reilly v. Valamudi, 680 F.3d 617, 622–23 (6th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 816 (6th Cir. 2010) (citing Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008)).

The claims and the parties in this suit have an extensive history in both state and federal court. TOTS, Inc. initially brought suit against Janice Page (now Janice Hollingsworth) and Whirlpool in the Circuit Court of Madison County, Tennessee in 2008 asserting a number of claims related to the alleged demand for improper payments by Hollingsworth, Whirlpool's agent. See Brooks v. Whirlpool Corp., No 1:10-cv-1098-JDB-cgc (W.D. Tenn. Mar. 30, 2011), D.E. 22-1. In that case, Plaintiff explained that he was the original founder of TOTS, Inc. and continued to do business as TOTS even though the corporation had been administratively

dissolved in 1998. Id. at D.E. 32-2. The state court dismissed the claims on October 7, 2008, holding that TOTS, due to its prior dissolution, was unauthorized to do business at the time of the contract, and Brooks could not be substituted as the real party in interest. Id. at D.E. 22-2. The court further held that "the Plaintiff cannot state a cause of action for breach of contract." Id. The dismissal was affirmed on appeal to the Tennessee Court of Appeals. T.O.T.S. v. Whirlpool Corp., No. W2009-01855-COA-R3-CV, 2009 WL 4878585 (Tenn. Ct. App. Nov. 17, 2009).

Brooks subsequently filed suit against Defendants in this Court on April 26, 2010, adding RICO claims and Gary Hollingsworth as a defendant. See Brooks v. Whirlpool Corp., No 1:10-cv-1098-JDB-cgc, D.E. 41.[2] There, the Court held that Brooks' claims were barred by claim preclusion. The Court found that the same claims against the same parties had already been brought and dismissed with prejudice in the state action, and that to the extent Brooks added new claims, they should have been raised in the original suit. Id. The Court analyzed and rejected each of Plaintiff's arguments finding that (1) the state court judgment was an adjudication on the merits; (2) TOTS, TOTS, Inc., and Brooks were privies for purposes of claim preclusion; and (3) both proceedings involved the same cause of action. Id.[3] Furthermore, on referral, Magistrate Judge Charmiane Claxton granted Defendants' motion for sanctions against Plaintiff for filing

---

[2] "[T]he court may take judicial notice of its own record in the prior case on which the claim preclusion argument is premised." Saylor v. United States, 315 F.3d 664, 667–68 (6th Cir. 2003); see Rodriguez v. United States, No. 2:09-CV-105, 2010 WL 3522461, at *1, n.1 (S.D. Ohio Sep. 3, 2010).

[3] In so holding, the Court applied the res judicata doctrine applicable to prior state court judgments. "Res judicata provides that federal courts must give state court judgments the same effect the rendering state court would give them." Hutcherson v. Lauderdale Cnty., Tenn., 326 F.3d 747, 755 (6th Cir. 2003) (citing 28 U.S.C. § 1738; Marrese v. Am. Acad. Of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985)). The extent to which the state court judgment precludes a federal suit is a question of state law. Carroll v. City of Cleveland, 522 F. App'x 299, 303 (6th Cir. 2013) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).

In Tennessee, res judicata bars "all claims that were actually litigated or could have been litigated in the first suit between the same parties." Hutcherson, 326 F.3d at 758 (quoting Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark, 586 S.W.2d 825, 826 (Tenn. 1979)); see also Barnett v. Milan Seating Sys., 215 S.W.3d 828, 834–35 (Tenn. 2007) (same). A res judicata defense requires that "(1) the underlying judgment must have been rendered by a court of competent jurisdiction; (2) the same parties or their privies were involved in both suits; (3) the same cause of action was involved in both suits; and (4) the underlying judgment was on the merits." Brown v. Metro. Gov't of Nasville & Davidson Cnty, Tenn., No. 11-5339, 2012 WL 2861593, at *3 (6th Cir. Jan. 9, 2012) (quoting Hutcherson, 326 F.3d at 758; see also Massengill v. Scott, 738 S.W.2d 629, 631 (Tenn. 1987).

claims that were clearly barred by res judicata. Id. at D.E. 50. Plaintiff appealed the dismissal to the Sixth Circuit, but his arguments were again rejected and this Court's judgment was affirmed. See Brooks v. Whirlpool Corp., 499 F. App'x 450 (6th Cir. 2012).

Defendants' present motion to dismiss is again founded on claim preclusion, or res judicata. Because of Brooks' prior litigation in this court, the federal application of res judicata now applies. Bowen v. Tennessee, No. 06-2587-JDB/DKV, 2007 WL 1725640, at *3 (W.D. Tenn. June 13, 2007) (citing Barnett v. Stern, 909 F.2d 973, 977 (7th Cir. 1990); In re Energy Coop., Inc., 814 F.2d 1226, 1230 (7th Cir. 1987)). "To apply the doctrine of res judicata, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the parties or their privies in the two suits; and (3) identity of the cause of action or claims between both suits." Bowen, 2007 WL 1725640, at *3 (citing Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323–24, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971)); see also Powers, 2012 WL 1076301, at *12 (same).

In this suit, Plaintiff asserts the same claims that were dismissed on June 28, 2011 and that formed the basis for his prior sanctions. Indeed, with the exception of some superficial alterations, the complaints in the cases are nearly identical. Compare Brooks v. Whirlpool Corp., No 1:10-cv-1098-JDB-cgc, D.E. 1, with D.E. 1-1. Brooks now advances a single argument in resisting dismissal of his allegations for a second time.[4] He argues that the state court judgment

---

[4] Brooks' renewed effort to persuade the Court that his complaint should not be dismissed yet again hinges on the misapplication of two different cases. First, Brooks insists that "[t]his Court must find State case was procedurally defected and rendered a nullity and void as opine [sic] by" the Tennessee Court of Appeals in Wynn v. La Maruja Realty Corp., No. M2008-01511-COA-R9-CV, 2009 WL 2957922 (Tenn. Ct. App. Sep. 15, 2009). (D.E. 10 at 2.) However, the Full Faith and Credit Clause clearly prohibits such a review. See U.S. Const. Art. IV, §1; 28 U.S.C. § 1738; Migra, 465 U.S. at 80, 104 S. Ct. 892; Ohio ex rel. Boggs v. City of Cleveland, 655 F.3d 516, 519 (6th Cir. 2011). Additionally, Plaintiff's attempted analogy and fabricated quotation of this readily distinguishable case is easily rejected. Wynn only reinforces the original judgment by holding that the dissolved corporation's contract would have been void had it not since been appropriately reinstated as an active corporation. See 2009 WL 2957922, at * 4.

Brooks further avers that the state case "was not dismissed on the merits in light of" Superior Piping Contractors, Inc. v. Reilly Indus., No. 84871, 2005 WL 678987 (Ohio Ct. App. Mar. 24, 2005). (D.E. 10 at 3.) No

rendered in 2008 was not on the merits, and therefore should not be given preclusive effect. (D.E. 10.) This exact argument has already been advanced by Brooks, and analyzed and rejected by this Court:

> "In Tennessee, any dismissal of a claim other than a dismissal for lack of jurisdiction, lack of venue, or for lack of an indispensable party operates as an adjudication upon the merits, unless the trial court specifies otherwise in its order for dismissal." Creech v. Addington, 281 S.W.3d 363, 378 (Tenn. 2009) (internal quotation marks omitted). "While some discretion is given to the court to specify in an involuntary dismissal order . . . that the order does not operate as an adjudication on the merits, no such discretion is given to the court when dismissing a claim or case based on a failure to state a claim." Bernard v. Metro. Gov't of Nashville & Davidson Cnty., No. M2009-00812-COA-R3-CV, 2010 WL 3033798, at *9 (Tenn. Ct. App. Aug. 3, 2010), app. denied (Dec. 7, 2010); see also Creech, 281 S.W.3d at 378 (order granting motion to dismiss for failure to state a claim is a decision on the merits). Here, the state court gave no indication that its decision was not intended to be an adjudication on the merits. Instead, the court's order granted the defendant's motion to dismiss on the grounds that the plaintiff "cannot state a cause of action." (Mem. in Supp. of Def.'s Mot. to Dismiss, Ex. 2 (Order Granting Mot. to Dismiss) at 1-2.) Thus, the Court must conclude that the prior judgment was on the merits. The Court finds unavailing Brooks' argument that dismissal of this action is improper because the state court never considered the merits of his underlying claims. As the Sixth Circuit Court of Appeals articulated in Hooker v. Fed. Election Comm'n, 21 F. App'x 402 (6th Cir. 2001), "[i]t is irrelevant that the district court did not reach the underlying merits of [the plaintiff's prior case], because the court reached the merits of the issue in question—namely, whether [the plaintiff] had standing to sue in the case[;] . . . the principles of res judicata apply to questions of jurisdiction as well as to other issues, and therefore a decision may have preclusive effect even if the decision is not made on the merits." Hooker, 21 F. App'x at 405 n.2 (internal citations and quotation marks omitted).

Brooks v. Whirlpool Corp., No 1:10-cv-1098-JDB-cgc (W.D. Tenn. Mar. 30, 2011), D.E. 41.

Thus, it is clear that Plaintiff's complaint fails to state a claim and is barred by res judicata. See

---

matter how much Plaintiff appreciates the facts of this case, his argument obviously must be rejected. The judgment of an Ohio Court applying Ohio law is not binding on this Court in its application of Tennessee law.

Bowen, 2007 WL 1725640, at *3; Powers, 2012 WL 1076301, at *12 (same). For this reason, the motion to dismiss is GRANTED.

IT IS SO ORDERED this 5th day of November, 2013.

s/ J. DANIEL BREEN<br>CHIEF UNITED STATES DISTRICT JUDGE